ATTORNEY GENERAL LOVING HAS ASKED ME TO RESPOND TO YOUR RECENT REQUEST FOR AN OPINION REGARDING WHETHER A CITY COUNCIL MAY SUSPEND, DEMOTE, LAY OFF OR REMOVE AN EMPLOYEE OF THE CITY UNDER THE ALDERMANIC FORM OF MUNICIPAL GOVERNMENT. BECAUSE YOUR QUESTIONS MAY BE ANSWERED BY CONTROLLING STATUTES, THIS OFFICE HAS DETERMINED YOUR QUESTIONS SHOULD BE ANSWERED THROUGH THIS INFORMAL LETTER.
THE DISCUSSION WHICH FOLLOWS IS NOT AN OFFICIAL OPINION OF THE ATTORNEY GENERAL. RATHER, THE FOLLOWING ANALYSIS AND CONCLUSIONS, WHILE SOLELY MY OWN, HAVE BEEN REACHED AFTER CAREFUL RESEARCH OF THE QUESTION YOU HAVE RAISED.
IN YOUR LETTER YOU ASK, IN EFFECT, THE FOLLOWING QUESTIONS:
 1. UNDER THE ALDERMANIC FORM OF MUNICIPAL GOVERNMENT AS PROVIDED BY 11 O.S. 9-101 (1991) ET SEQ., MAY A CITY COUNCIL SUSPEND, DEMOTE, LAY OFF OR REMOVE AN EMPLOYEE OR ADMINISTRATIVE DEPARTMENT HEAD OF THE CITY?
 2. IF THE CITY COUNCIL DOES NOT HAVE THAT AUTHORITY, THEN IS THAT AUTHORITY RESERVED TO THE MAYOR OF THE CITY?
TO ANSWER YOUR FIRST QUESTION REGARDING THE AUTHORITY OF THE CITY COUNCIL, LT IS IMPORTANT TO EXAMINE THE STATUTORY POWERS OF THE COUNCIL AS WELL AS THE MAYOR. 11 O.S. 9-108 OF TITLE 11 STATES IN PART THAT:
 "EXCEPT AS OTHERWISE PROVIDED IN THIS ARTICLE, ALL POWERS OF A STATUTORY ALDERMANIC CITY, INCLUDING THE DETERMINATION OF MATTERS OF POLICY, SHALL BE VESTED IN THE COUNCIL. WITHOUT LIMITATION OF THE FOREGOING, THE COUNCIL MAY
* * * * *
 3. INQUIRE INTO THE CONDUCT OF ANY OFFICE, DEPARTMENT OR AGENCY OF THE CITY, AND INVESTIGATE MUNICIPAL AFFAIRS, OR AUTHORIZE AND PROVIDE FOR SUCH INQUIRIES; AND
 4. CREATE, CHANGE AND ABOLISH OFFICES, DEPARTMENTS AND AGENCIES OTHER THAN THOSE ESTABLISHED BY LAW; ASSIGN ADDITIONAL FUNCTIONS AND DUTIES TO OFFICES, DEPARTMENTS AND AGENCIES ESTABLISHED BY THIS ARTICLE; AND DEFINE THE DUTIES, POWERS, AND PRIVILEGES OF ALL OFFICERS WHICH ARE NOT DEFINED BY THIS ARTICLE." 11 O.S. 9-108 GRANTS THE CITY COUNCIL THE POWER TO INQUIRE INTO THE CONDUCT OF ANY OFFICE, DEPARTMENT OR AGENCY OF THE CITY. THE USE OF THE WORD `ANY' WITHIN THE STATUTE IS EQUIVALENT TO AND HAS FORCE OF "EVERY" AND "ALL". SHATTUCK V. GRIDER, 493 P.2D 829 (OKLA. CRIM. APP. 1972). THIS AUTHORITY INCLUDES THE ABILITY TO INVESTIGATE MUNICIPAL AFFAIRS, A BROAD CATEGORY OF OVERSIGHT WHICH WOULD INCLUDE EMPLOYEES AND ADMINISTRATIVE STAFF. THE COUNCIL ALSO HAS AUTHORITY TO CREATE, CHANGE OR ABOLISH AN OFFICE OTHER THAN THOSE ESTABLISHED BY LAW AND TO CHANGE ITS FUNCTIONS OR DUTIES. CLEARLY THE COUNCIL HAS POWER TO CREATE, DEFINE, ALTER OR ABOLISH A POSITION. THE QUESTION REMAINS AS TO THE COUNCIL'S AUTHORITY OVER THE INDIVIDUAL OCCUPYING A POSITION.
TITLE 11 O.S. 9-105 (1991) DELINEATES SPECIFIC DUTIES POSSESSED BY THE MAYOR. THE STATUTE PROVIDES IN PART THAT:
 "THE MAYOR SHALL BE CHIEF EXECUTIVE OFFICER OF THE ADMINISTRATIVE BRANCH OF THE GOVERNMENT OF THE CITY. . . . THE MAYOR SHALL:
 3. REMOVE OR SUSPEND CITY OFFICERS OR EMPLOYEES AGAINST WHOM CHARGES OF INCOMPETENCY, NEGLECT, OR VIOLATION OF DUTY ARE MADE, UNTIL SUCH TIME AS THE COUNCIL SHALL TAKE ACTION ON THE CHARGES; AND
 4. SUPERVISE AND CONTROL DIRECTLY AND INDIRECTLY, ALL ADMINISTRATIVE DEPARTMENTS, AGENCIES, OFFICERS, AND EMPLOYEES: ACT PROMPTLY ON A CHARGE OF NEGLECT OR VIOLATION OF DUTY OF ANY OFFICER OR EMPLOYEE, AND REQUIRE ANY OFFICER TO ACCOUNT FOR AND REPORT TO THE COUNCIL IN WRITING ON ANY SUBJECT PERTAINING TO THE DUTIES, POWERS, OR FUNCTIONS OF THE OFFICER WHEN THE MAYOR DEEMS NECESSARY; AND
* * * * *
 10. HAVE SUCH OTHER POWERS, DUTIES, AND FUNCTIONS AS MAY BE PRESCRIBED BY LAW OR BY ORDINANCE."
SECTION 11 O.S. 9-105(3) AND 11 O.S. 9-105(4) DIRECT THE MAYOR TO PROMPTLY REMOVE OR SUSPEND EMPLOYEES CHARGED WITH INCOMPETENCY, NEGLECT, OR VIOLATIONS OF DUTY. WHERE THE CHARGE IS INCOMPETENCE, NEGLECT OR VIOLATIONS OF DUTY, THE JOB ACTION (I.E., REMOVAL OR SUSPENSION) IS SUBJECT TO REVIEW BY THE CITY COUNCIL. 11 O.S. 9-105(3). THEREFORE, ULTIMATE AUTHORITY AS REGARDS AN INDIVIDUAL EMPLOYEE CHARGED WITH ONE OF THESE THREE VIOLATIONS RESTS WITH THE CITY COUNCIL. THE QUESTION REMAINS AS TO THE MAYOR'S AUTHORITY IN THE ABSENCE OF AN ALLEGATION OF INCOMPETENCE, NEGLECT OR VIOLATION OF DUTY.
SUBSECTION FOUR (4) STATES THAT THE MAYOR SHALL "SUPERVISE" AND "CONTROL" ALL ADMINISTRATIVE STAFF. IN VIEW OF THE FACT THAT THESE TERMS ARE NOT DEFINED IN THE STATUTE, THEY HAVE THE "SAME MEANING AS THAT ATTRIBUTED TO THEM IN ORDINARY AND USUAL PARLANCE. RIFFE PETROLEUM CO. V. GREAT NAT. CORP., 614 P.2D 576, 579 (OKLA.1980).
"SUPERVISE" IS DEFINED IN WEBSTER'S NEW INTERNATIONAL DICTIONARY, P. 2296 (3D ED. 1981) AS TO "(O)VERSEE WITH THE POWERS OF DIRECTION AND DECISION, THE IMPLEMENTATION OF ONE'S OWN OR ANOTHER'S INTENTIONS(.)" SIMILARLY "CONTROL" IS DEFINED AS: "(T)O EXERCISE RESTRAINING OR DIRECTING INFLUENCE OVER; TO HAVE POWER OVER(.)" WEBSTER'S NEW INTERNATIONAL DICTIONARY, P. 496 (3D ED. 1981).
THE MAYOR'S AUTHORITY TO OVERSEE MUNICIPAL AFFAIRS WITH THE POWERS OF DIRECTION AND DECISION IMPLIES THAT THE MAYOR WOULD HAVE THE POWER TO PROMOTE AND DEMOTE MUNICIPAL EMPLOYEES. SECTION 9-105(4) DEMONSTRATES THE LEGISLATURE'S INTENT FOR THE MAYOR TO HAVE THE DECISION MAKING AUTHORITY. IT CANNOT BE DOUBTED THAT SUCH AUTHORITY TO SUPERVISE AND CONTROL EMPLOYEES INCLUDES THE POWER TO REMOVE AND LAY OFF EMPLOYEES. ADDITIONALLY 11 O.S. 9-105(1) GRANTS THE MAYOR THE AUTHORITY TO HIRE, SUBJECT TO CONFIRMATION BY THE CITY COUNCIL, A CITY ATTORNEY AND ALL HEADS OR DIRECTORS OF ADMINISTRATIVE DEPARTMENTS. THE MAYOR IS FURTHER GIVEN THE POWER TO APPOINT ALL OTHER ADMINISTRATIVE OFFICERS AND EMPLOYEES OF THE CITY. IN CITY OF MUSKOGEE V. LANDRY, 567 P.2D 988 (OKLA .1977), THE OKLAHOMA SUPREME COURT STATED:
 "(T)HE APPOINTING AUTHORITY, THE CITY CLERK, IS INHERENTLY INVESTED WITH THE POWER OF REMOVAL WHERE APPOINTMENT IS FOR AN INDEFINITE TERM."
BECAUSE THE POWER TO APPOINT AN INDIVIDUAL ALSO IMPLIES THE POWER TO REMOVE THE INDIVIDUAL, THE MAYOR MAY SUSPEND, DEMOTE, LAY OFF OR REMOVE ANY OF THE EMPLOYEES LISTED IN 9-105(1) EXCEPT IN THOSE SITUATIONS IN WHICH ALLEGATIONS OF INCOMPETENCY, NEGLECT, OR VIOLATION OF DUTY ARE MADE AGAINST THE EMPLOYEE. IN THOSE SITUATIONS THE MAYOR IS UNDER A DUTY TO PROMPTLY REMOVE OR SUSPEND THE OFFICER OR EMPLOYEE UNTIL THE COUNCIL CAN TAKE ACTION ON THE CHARGES.
SECTION 11 O.S. 9-105(10) GRANTS THE MAYOR "SUCH OTHER POWERS" AS MAY BE "PRESCRIBED BY LAW OR BY ORDINANCE." A CITY MAY HAVE OTHER ORDINANCES THAT FURTHER GOVERN THE POWER OF THE MAYOR AND THE CITY COUNCIL. INTERPRETATION OF CITY ORDINANCES IS OUTSIDE THE SCOPE OF AN OPINION OF THIS OFFICE.
IT IS THEREFORE THE OPINION OF THE UNDERSIGNED THAT:
 1. UNDER THE ALDERMANIC FORM OF MUNICIPAL GOVERNMENT, AS PROVIDED BY 11 O.S. 9-101 ET SEQ, 11 O.S. 9-105(3) AND 11 O.S. 9-105(4) REQUIRE THE MAYOR TO PROMPTLY REMOVE OR SUSPEND EMPLOYEES AGAINST WHOM CHARGES OF INCOMPETENCY, NEGLECT OR VIOLATION OF DUTY ARE MADE. THE ULTIMATE DECISION, HOWEVER, REGARDING AN EMPLOYEE AGAINST WHOM SUCH CHARGES HAVE BEEN MADE RESTS WITH THE CITY COUNCIL PURSUANT TO 11 O.S. 9-105(3) (1991).
 2. IN THIS FORM OF MUNICIPAL GOVERNMENT, THE MAYOR, PURSUANT TO 11 O.S. 9-105, MAY SUSPEND, DEMOTE, LAY OFF OR REMOVE ANY OF THE EMPLOYEES LISTED IN 9105(1) EXCEPT IN THOSE SITUATIONS IN WHICH ALLEGATIONS OF INCOMPETENCY, NEGLECT OR VIOLATION OF DUTY ARE MADE AGAINST AN EMPLOYEE. IN THOSE SITUATIONS, THE MAYOR, PURSUANT TO 11 O.S. 9-105(3) AND 11 O.S. 9-105(4), HAS A DUTY TO PROMPTLY REMOVE OR SUSPEND SUCH AN OFFICER OR EMPLOYEE PENDING FINAL ACTION OF THE CITY COUNCIL.
(L. MICHELLE STEPHENS)